IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PEABODY COAL COMPANY, LLC, <br><br>and<br><br>EASTERN ASSOCIATED COAL CORP.,<br><br>Plaintiffs,<br><br>v.<br><br>JO ANNE B. BARNHART, as Commissioner of the Social Security Administration,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs Peabody Coal Company, LLC (formerly known as Peabody Coal Company) ("Peabody") and Eastern Associated Coal Corp. ("EACC") (collectively "Companies") seek to vacate the assignment of certain UMWA Combined Benefit Fund ("Combined Fund") beneficiaries the Commissioner of Social Security ("Commissioner" or "SSA") made to them in violation of section 9706 of the Coal Industry Retiree Health Benefit Act of 1992, 26 U.S.C. § 9706 ("Coal Act"). The Companies also seek an injunction barring the Commissioner from making future assignments which violate § 9706.

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331; 5 U.S.C. § 551 et seq.; 28 U.S.C. § 2201; and 26 U.S.C. § 9721.

2. Venue properly lies in this court pursuant to 28 U.S.C. §1391(e).

## PARTIES

3.      Plaintiff Peabody is a Delaware Limited Liability Company. Plaintiff EACC is a West Virginia corporation.

4.      Defendant Jo Anne B. Barnhart is the Commissioner of the Social Security Administration. Congress delegated to the Commissioner the task of assigning Combined Fund beneficiaries to statutorily defined signatory coal operators (and related persons) pursuant to the assignment hierarchy set forth in § 9706(a)(1)-(3) of the Coal Act.

## THE COAL ACT

5.      The Coal Act required the Commissioner to assign a fixed pool of retired UMWA miners (and their eligible dependents) to statutorily defined signatory operators, or where the signatory operator was no longer in business, to the signatory operator's related person. A signatory operator is statutorily defined to include a person which is or was a signatory to a coal wage agreement. 26 U.S.C. § 9701(c)(1).

6.      Each assigned operator is required to pay to the Combined Fund in equal monthly installments annual per-beneficiary health premiums set by the Commissioner covering each assigned beneficiary. Assigned operators are also required to pay death premiums and unassigned premiums in certain situations. 26 U.S.C. § 9704(a), (g). The Combined Fund provides health and death benefits to eligible beneficiaries. 26 U.S.C. § 9703.

7.      Any statutorily defined "related person" to an assigned operator is jointly and severally liable for any Coal Act premium required to be paid by such operator. 26 U.S.C. § 9704(a).

8.      A related person includes any corporation which was a member of a controlled group of corporations which includes a signatory operator (26 U.S.C. § 9701(c)(2)(A)) as of the

date immediately preceding the date the signatory operator ceased to be in business, or July 20, 1992, whichever occurs first. 26 U.S.C. § 9701(c)(2)(B).

9. Section 9706 of the Coal Act sets out the rules pursuant to which the Commissioner is authorized to assign Combined Fund beneficiaries to a signatory operator (or related person). These rules specify that miners (and their eligible dependents) are to be assigned to a particular prior employer (or related person) still in business on the basis of the miner's work history.

10. Where the Commissioner can not assign a beneficiary to a signatory operator (or related person) in accordance with the assignment scheme in § 9706, such beneficiary is to be placed in the unassigned beneficiary pool ("Unassigned Pool").

11. The health care costs of beneficiaries in the Unassigned Pool are paid from transfer payments made to the Combined Fund from the UMWA 1950 Pension Plan (26 U.S.C. § 9705(a)), or from interest generated by the Abandoned Mine Land Reclamation Fund managed by the Secretary of the U.S. Department of Interior. 26 U.S.C. § 9705(b); 30 U.S.C. § 1242(h). Should such transfers prove inadequate in any given year to cover the cost of providing health care to beneficiaries in the Unassigned Pool, the additional cost is to be paid on a pro rata basis by all assigned operators. 26 U.S.C. § 9704(d).

**COUNT I**
**The Commissioner's Decision to Assign *Eastern*-Type Beneficiaries to Plaintiffs Violates § 9706 of the Coal Act and §§ 702 and 706 of the Administrative Procedure Act**

12. Plaintiffs restate and herein incorporate by reference the allegations of Paragraphs 1 through 11 of the Complaint.

13. In and after 1993, SSA initially assigned certain Combined Fund beneficiaries to former signatory employers who had never signed a 1974 or later Coal Wage Agreement

3

("super-reachback operators"), in accordance with the third tier (26 U.S.C. § 9706(a)(3)) of Congress's three-tier assignment hierarchy.

14. In *Eastern Enterprises v. Apfel,* 524 U.S. 498 (1998), the United States Supreme Court concluded that the Coal Act could not be constitutionally applied to Eastern Enterprises, a super-reachback operator, rendering such assignments void *ab initio.* In response, the Commissioner voided and nullified beneficiary assignments that had been made to Eastern Enterprises and similarly situated super-reachback operators pursuant to the specific assignment instructions set forth in § 9706(a)(3) (the "*Eastern* Beneficiaries").

15. The Commissioner initially placed the *Eastern* Beneficiaries in the Unassigned Pool. In and after 1999, however, the Commissioner removed certain *Eastern* beneficiaries from the Unassigned Pool, and assigned them to Peabody and to EACC (or to their related persons).

16. For purposes of making Coal Act assignment allocations pursuant to the assignment criteria set forth in § 9706(a), the Commissioner is barred from taking into account employment with a company no longer in business. 26 U.S.C. § 9706(b)(1)(B).

17. Eastern Enterprises and the other super-reachback companies that employed and were initially assigned the *Eastern* Beneficiaries that the Commissioner assigned to Plaintiffs in and after 1999 are still in business within the meaning of the Coal Act. To justify her unlawful assignments to Plaintiffs, the Commissioner adopted the fiction that Eastern and all other super-reachback operators to whom she had assigned beneficiaries were out of business.

18. The Commissioner's decision to assign *Eastern* Beneficiaries to Plaintiffs instead of the Unassigned Pool violates § 9706 of the Coal Act, and §§ 702 and 706 of the APA.

## COUNT II
**Request for Injunctive Relief Barring Future Assignments of *Eastern* Beneficiaries**

19.     Plaintiffs restate and herein incorporate by reference the allegations of Paragraphs 1 through 18 of the Complaint.

20.     Upon information and belief, the Commissioner intends to assign additional *Eastern* Beneficiaries to Peabody and EACC, or to their related persons.

21.     The Commissioner is without statutory authority to assign *Eastern* Beneficiaries to Plaintiffs, or to their related persons.

22.     Consistent with § 9706 of the Coal Act, the Commissioner is properly enjoined from making any future assignments of *Eastern* Beneficiaries to Peabody or EACC, or to their related persons.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against the Commissioner and pray for the following relief:

a.     An Order declaring that the Commissioner's policy of treating the statutorily designated signatory employer of *Eastern* Beneficiaries as constructively out of business is *ultra vires*, violates § 9706 of the Coal Act, and is properly set aside pursuant to § 706 of the APA.

b.     An Order vacating SSA's assignment to Peabody and EACC of *Eastern* Beneficiaries as void and in violation of § 9706 of the Coal Act and the APA.

c.     An Order requiring the Commissioner to inform the UMWA Combined Benefit Fund that the *Eastern* Beneficiary assignments to Peabody and EACC are void *ab initio* and have been revoked.

d.     An Order enjoining the Commissioner from making any future assignments of *Eastern* Beneficiaries to Peabody or EACC or to any related person to Peabody or EACC.

e. Such additional relief as this Court deems equitable and just.

        MORRIS, NICHOLS, ARSHT & TUNNELL

        _____
        Thomas R. Hunt, Jr. (#466)
        Jason A. Cincilla (#4232)
        Morris, Nichols, Arsht & Tunnell
        1201 North Market Street
        P.O. Box 1347
        Wilmington, DE  19899-1347
        (302) 658-9200
        *Attorneys for Plaintiffs*

OF COUNSEL:

John R. Woodrum
OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
Fifth Floor
2400 N Street, N.W.
Washington, D.C.  20037
(202) 887-0855

September 14, 2005

483136