# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PEABODY COAL COMPANY, LLC et al.,<br><br>    Plaintiffs,<br>v.<br><br>JO ANNE B. BARNHART, as Commissioner of the Social Security Administration,<br><br>    Defendant,<br><br>and<br><br>MICHAEL H. HOLLAND, ELLIOT A. SEGAL, WILLIAM P. HOBGOOD, MICHEAL W. BUCKNER, THOMAS O.S. RAND, CARL E. VAN HORN, GAIL R. WILENSKY, TRUSTEES OF THE UNITED MINE WORKERS OF AMERICA COMBINED BENEFIT FUND,<br><br>    Intervenor-Defendants. | No. 05-671-SLR |

**ANSWER OF THE INTERVENOR-DEFENDANT TRUSTEES
OF THE UMWA COMBINED BENEFIT FUND**

Defendants Michael H. Holland, Elliot A. Segal, William P. Hobgood, Micheal W. Buckner, Thomas O.S. Rand, Carl E. Van Horn, and Gail R. Wilensky, Trustees of the United Mine Workers of America Combined Benefit Fund ("Combined Fund"), hereinafter referred to as "Trustees," who have been granted leave to intervene as defendants in this proceeding, submit this Answer to the Complaint in this action.

## First Defense

The unnumbered introductory paragraph contains plaintiffs' characterization of their action, to which no answer is required. To the extent that an answer may be required, the Trustees deny the allegations of that paragraph.

1. The allegations of paragraph 1 of the Complaint constitute conclusions of law to which no response is required.

2. The Trustees deny the allegations in paragraph 2 of the Complaint.

3. In response to the first sentence paragraph 3, the Trustees admit and allege that Plaintiff Peabody Coal Company, LLC ("Peabody Coal") has a Henderson, Kentucky mailing address, and are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this sentence. In response to the second sentence of paragraph 3, the Trustees admit and allege that plaintiff Eastern Associated Coal Corp. ("Eastern Associated") has an Arnett, West Virginia mailing address, and are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this sentence.

4. The Trustees admit the allegations of paragraph 4 of the complaint.

5-9. In response to paragraphs 5, 6, 7, 8 and 9 of the Complaint, the Trustees allege that the provisions of the Coal Act, including 26 U.S.C. §§ 9701, 9703, 9704 and 9706, speak for themselves.

10. In response to paragraph 10 of the Complaint, the Trustees admit and allege that Combined Fund beneficiaries who are not assigned to a signatory operator or related person are unassigned, and otherwise deny the allegations of paragraph 10 of the Complaint.

11. In response to paragraph 11 of the Complaint, the Trustees allege that the provisions of the Coal Act, including 26 U.S.C. §§ 9704 and 9705, and the provisions of Section 402(h) of the Surface Mining Control and Reclamation Act of 1977 ("SMCRA"), 30 U.S.C. § 1232(h) (which was added by the Coal Act), speak for themselves and otherwise deny the allegations of this paragraph.

12. In response to paragraph 12 of the Complaint, the Trustees incorporate by reference their responses to paragraphs 1 through 11 of the Complaint.

13. In response to the allegations of paragraph 13 of the Complaint, the Trustees admit and allege that, in accordance with the third tier of Congress' three-tier assignment hierarchy (26 U.S.C. § 9706(a)(3)), the Commissioner of Social Security and her predecessor under the Coal Act, the Secretary of Health and Human Services, initially assigned certain Combined Fund beneficiaries to former signatory operators who had not signed a 1974 or later National Bituminous Coal Wage Agreement. The Trustees deny the remaining allegations of paragraph 13 of the Complaint.

14. The allegations of the first sentence of paragraph 14 of the Complaint constitute conclusions of law concerning the decision in Eastern Enterprises v. Apfel, 524 U.S. 498 (1998) (plurality), to which no response is required. In response to the second sentence of this paragraph, the Trustees admit and allege that the Combined Fund received copies of letters dated on or around September 24, 1998, in which the Commissioner of Social Security informed certain assigned operators and "related persons," as that term is defined in 26 U.S.C. § 9701(c)(2), that, pursuant to the June 25, 1998, Supreme Court decision in Eastern Enterprises the beneficiary assignments to those operators and related persons under the provisions of the

3

Coal Act were void. The Trustees deny the remaining allegations of the second sentence of paragraph 14 of the Complaint.

15. In response to the first sentence of paragraph 15 of the Complaint, the Trustees admit and allege that pursuant to the June 25, 1998, Supreme Court decision in <u>Eastern Enterprises</u> the Commissioner voided certain beneficiary assignments and the beneficiaries whose assignments were voided were designated by the Commissioner as unassigned. The Trustees deny the remaining allegations of the first sentence of paragraph 15 of the Complaint. The Trustees are without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 15 of the Complaint.

16. In response to paragraph 16 of the Complaint, the Trustees allege that the provisions of the Coal Act, including 26 U.S.C. § 9706, speak for themselves.

17. In response to the first sentence of paragraph 17 of the Complaint, the Trustees allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations of that sentence. The Trustees deny the allegations of the second sentence of paragraph 17 of the Complaint.

18. The Trustees deny the allegations of paragraph 18 of the Complaint.

19. In response to paragraph 19 of the Complaint, the Trustees incorporate by reference their responses to paragraphs 1 through 18 of the Complaint.

20. The Trustees are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint.

21-22. The Trustees deny the allegations of paragraphs 21 and 22 of the Complaint.

The remaining paragraphs of the Complaint constitute plaintiffs' Prayer for Relief, to which no response is required. To the extent that a response may be required, the Trustees deny

that plaintiffs are entitled to the relief requested in paragraphs (a) through (e) of their Prayer for Relief or to any relief whatsoever.

## Second Defense

The Complaint fails to state a claim upon which relief may be granted.

## Third Defense

Venue is not properly laid in the District of Delaware.

## Fourth Defense

Plaintiffs' right of action to challenge assignments made on or before September 13, 1999, did not accrue within six years of the commencement of this action and is thus barred by the applicable statute of limitations.

## Fifth Defense

Plaintiffs' claims are barred by plaintiffs' undue delay and laches.

## Prayer for Relief

WHEREFORE, intervenor-defendant Trustees request the Court to

a. Dismiss the complaint for improper venue, without prejudice; or

b. Dismiss the complaint, with prejudice;

c. Enter judgment for defendant Commissioner of the Social Security Administration and for intervenor-defendant Trustees of the UMWA Combined Benefit Fund; and

d. Grant such other and further relief as may be appropriate.

ASHBY & GEDDES

/s/ *Carolyn S. Hake*
_____
Philip Trainer, Jr. (#2788)
Carolyn S. Hake (#3839)
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
ptrainer@ashby-geddes.com
chake@ashby-geddes.com

-and-

David W. Allen
General Counsel
Christopher F. Clarke
Senior Assistant General Counsel
UMWA Health & Retirement Funds
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C. 20037
Telephone: (202) 521-2238

*Attorneys for Movant-Intervenors Michael H. Holland, et al., Trustees of the UMWA Combined Benefit Fund*

Dated: March 10, 2006
167475.1

6