IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PEABODY COAL COMPANY et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 05-671-SLR |
| ) | |
| JO ANNE B. BARNHART, Commissioner of the ) | |
| Social Security Administration ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF THE
UNOPPOSED MOTION OF THE TRUSTEES OF THE
UMWA COMBINED BENEFIT FUND TO INTERVENE**

The Trustees of the UMWA Combined Benefit Fund ("Trustees") submit this memorandum in support of their unopposed motion to intervene as defendants in this case. For the reasons set forth below, the Trustees respectfully request that their unopposed motion be granted and that the answer accompanying their motion be deemed filed as of the date of the Court's Order.

**BACKGROUND**

This case involves the proper interpretation of the Coal Industry Retiree Health Benefit Act of 1992, 26 U.S.C. §§ 9701–9722 (the "Coal Act"). In October 1992, Congress enacted the Coal Act to remedy a long-standing funding crisis in collectively bargained multiemployer benefit plans that provided health coverage for the nation's coal industry retirees and their dependants. Congress provided for the creation of the UMWA Combined Benefit Fund ("Combined Fund") pursuant to § 9702 of the Coal Act and directed that the newly created Combined Fund shall be an employee welfare benefit plan within the meaning of § 3(1) of the

Employee Retirement Income Security Act of 1974 ("ERISA"), and a multiemployer plan within the meaning of § 3(37) of ERISA. 26 U.S.C. §§ 9702(a)(3)(B), (C).

Each of the parties before this Court has unique responsibilities under the Coal Act. The Commissioner of the Social Security Administration ("SSA") is responsible for assigning individual Combined Fund beneficiaries to specific former employers in accordance with § 9706(a) of the Act. The employers receiving assignments from SSA ("assigned operators"), such as plaintiffs, are responsible for the payment of statutory premiums to the Combined Fund to finance the provision of health care and death benefits to their assigned beneficiaries. See 26 U.S.C. § 9704. The Trustees of the Combined Fund — movant-intervenors here — have the statutory responsibility to provide health care benefits and death benefits to the Combined Fund's beneficiaries, id. §§ 9703(b), (c), and to do so consistent with their obligations as fiduciaries of an ERISA plan.

On September 14, 2005, two coal operators — Peabody Coal Company and Eastern Associated Coal Corp. — brought this action against SSA, challenging certain beneficiary assignments they received from SSA under the Coal Act. Specifically, the plaintiff operators' lawsuit raises the issue of whether SSA has the authority to assign to plaintiffs certain beneficiaries whose assignments to other coal operators had been voided as a result of the Supreme Court's decision in Eastern Enterprises v. Apfel, 524 U.S. 498 (1998). (The issue is commonly referred to as the "Eastern reassignment" issue.) Plaintiffs' challenge to SSA's assignments of beneficiaries necessarily calls into question the level of premiums that plaintiffs

2

are obligated to pay to the Combined Fund to meet the costs of providing health care and death benefits to Fund beneficiaries. The Trustees seek party status in this case to safeguard those premiums.

## ARGUMENT

### I. The Trustees Are Entitled To Intervene As Of Right.

Intervention as a matter of right is proper under Fed. R. Civ. P. 24(a) when the proposed intervenors demonstrate the following: "1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties to the action do not adequately represent the prospective intervenor's interests." Liberty Mut. Ins. Co. v. Treesdale, 419 F.3d 216, 220 (3d Cir. 2005).

In cases essentially identical to this one, involving the same claims but different plaintiffs, other federal district courts have granted the Trustees' motions to intervene. See, e.g., Sidney Coal Co. v. Massanari, C.A. No. 01-76, slip op. (E.D. Ky. Aug. 21, 2001) (Attachment A hereto); U.S. Steel Corp. v. Barnhart, C.A. No. CV-04-0065-VEH, slip op. (N.D. Ala. Sept. 22, 2005) (Attachment B hereto). The Sidney Coal and U.S. Steel courts, applying four-part tests virtually identical to Treesdale, concluded that the Trustees satisfied all four elements and were entitled to intervene as of right.

3

### A.    The Trustees' Motion To Intervene Is Timely Filed.

The Trustees have moved to intervene at the earliest stage of this litigation. Although plaintiffs filed their complaint on September 14, 2005, they did not serve the complaint and summons upon defendant SSA until mid-January 2006. Defendant SSA's time to answer, move or otherwise respond to the complaint has not expired. This Court's grant of the Trustees' unopposed motion will neither delay the proceedings nor prejudice the plaintiff operators or defendant SSA.

### B.    The Trustees Have a Sufficient Interest in this Case.

The Trustees have assessed and collected millions of dollars in premiums based on the type of beneficiary assignments made by SSA and challenged by plaintiffs in this case. If plaintiffs should be successful, the Trustees would likely be called upon to refund or credit millions of dollars in premiums that the plaintiff operators have paid to the Combined Fund. Those refunds and credits would reduce the Combined Fund's plan assets which, according to the Coal Act, are to be used to provide health care and death benefits for Fund beneficiaries. 26 U.S.C. § 9703(b), (c).

The seriousness with which the Trustees have taken the <u>Eastern</u> reassignment issue, which the plaintiff operators seek to litigate here, is evidenced by the fact that the Trustees have intervened in cases raising the issue in which they were not originally named as parties. And, in

4

each such case, the district court has ruled that the Trustees have a significant and legally protectable interest in the correct application of the Coal Act to make intervention appropriate.[1]

### C. The Disposition of this Action May Impair the Trustees' Ability to Protect their Interests.

The Trustees only need to demonstrate that "their interest might become affected or impaired, as a practical matter, by the disposition of the action in their absence." <u>Mountain Top Condo Ass'n v. Dave Stabbert Master Builder</u>, 72 F.3d 361, 368 (3d Cir. 1995). In this case, the risk of impairment is more than a mere possibility.

As noted above, this is a lawsuit which, although styled as a challenge to SSA's authority to assign Combined Fund beneficiaries, is, in the end, a challenge to the amount of premiums the plaintiff operators have to pay to the Combined Fund. If and to the extent the Court were to enter judgment for plaintiffs, the Trustees would not be able to collect premiums from plaintiffs at the levels assessed by the Trustees to date. Moreover, it would be the Trustees, not SSA, to whom plaintiffs would turn for any refund or credit of premiums previously paid to the Combined Fund. Finally, unless the Trustees are permitted to intervene, they would be unable to appeal in the event the Court were to resolve adversely to the Trustees' interests the important issue before this Court.

---

[1] See, e.g., <u>Sidney Coal</u>, slip op. at 3-4 (Attachment A); <u>U.S. Steel</u>, slip op. at 4 (Attachment B).

5

### D. The Trustees' Interests Are Not Adequately Represented By the Parties Already Before the Court.

The burden imposed upon the Trustees to show that their interests will not be adequately represented by defendant SSA — on whose side they seek to intervene — is "minimal," Trbovich v. United Mine Workers of America, 404 U.S. 528, 538 n.10 (1972), and it is sufficient that the Trustees show that representation "may be inadequate." Kleissler v. U.S. Forest Service, 157 F.3d 964, 974 (3d Cir. 1998) (emphasis added) (citation omitted). The Trustees satisfy this standard. The Trustees and SSA do not share the same objectives and interests in this lawsuit, because they are required to fulfill different responsibilities and play unique roles under the Coal Act, as explained above. See also Holland v. National Mining Ass'n, 309 F.3d 808, 814 (D.C. Cir. 2002) (noting that the Trustees and SSA, even when advocating the same interpretation of a Coal Act provision, do not share the same incentives). Moreover, two district courts have already recognized that SSA does not adequately represent the Trustees' interests in cases involving the identical legal challenge that is the subject of this lawsuit. See Sidney, slip op. at 4–5 (Attachment A); U.S. Steel, slip op. at 7–8 (Attachment B).

## II. The Trustees Are Entitled to Intervene Permissively.

The Trustees are entitled to intervene permissively, independent of whether this Court concludes that they are entitled to intervene as of right. Permissive intervention on a timely application is allowed "when an applicant's claim or defense and the main action have a question of law or fact in common" and when intervention will not "unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). The Trustees' defenses

to plaintiffs' claims here will be very similar to defendant SSA's defenses, and thus there are common questions of law and fact. And the lack of opposition demonstrates that the Trustees' intervention will neither delay nor prejudice the adjudication of the rights of the original parties.

## CONCLUSION

For the foregoing reasons, the Trustees respectfully request that this Court grant their Unopposed Motion to Intervene in this action as defendants in this case, and direct the filing of the Trustees' accompanying Answer.

ASHBY & GEDDES

/s/ *Carolyn S. Hake*
_____
Philip Trainer, Jr. (#2788)
Carolyn S. Hake (#3839)
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
ptrainer@ashby-geddes.com
chake@ashby-geddes.com

-and-

David W. Allen
General Counsel
Christopher F. Clarke
Senior Assistant General Counsel
UMWA Health & Retirement Funds
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C. 20037
Telephone: (202) 521-2238

*Attorneys for Movant-Intervenors Michael H. Holland, et al., Trustees of the UMWA Combined Benefit Fund*

Dated: March 10, 2006
167477.1