

FILED

Eastern District Number
U.S. DISTRICT COURT
D. OF ALABAMA

FILED

AUG 2 1 2001

A   FRANKFORT
LESLIE G WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 01-76

SIDNEY COAL COMPANY, INC., ET AL.,                    PLAINTIFFS,

V.                          ORDER

LARRY G. MASSANARI, Acting Commissioner,
Social Security,                                      DEFENDANT.

*   *   *   *   *   *   *

Michael H. Holland, et al., Trustees for the UMWA

Combined Benefit Fund [hereinafter "the Trustees"], have moved

to intervene in this action [Record No. 14]. The plaintiffs

have responded to this motion and object to the Trustees

intervention as of right [Record No. 17]. The Trustees have

replied [Record No. 21]. Therefore, this matter is ripe for

review.

Motions to intervene are governed by Federal Rule of

Civil Procedure 24, which allows for two types of

intervention:

"(a) Intervention of Right. Upon timely application
anyone shall be permitted to intervene in an
action: (1) when a statute of the United States
confers an unconditional right to intervene; or (2)
when the applicant claims an interest relating to
the property or transaction which is the subject of
the action and the applicant is so situated that
the disposition of the action may as a practical

1

27

matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b)    Permissive    Intervention.    Upon    timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order    administered    by    a    federal    or    state governmental    officer    or    agency    or    upon    any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be    permitted    to    intervene    in    the    action.    In exercising its discretion the court shall consider whether   the   intervention   will   unduly   delay   or prejudice   the   adjudication   of   the   rights   of   the original parties."

Fed. R. Civ. P. 24(a)-(b).  A party moving to intervene under

Federal Rule of Civil Procedure Rule 24(a)(2) "must satisfy

four requirements before intervention as of right will be

granted: 1) timeliness of the application to intervene; 2) the

applicant's   substantial   legal   interest   in   the   case;   3)

impairment of the applicant's ability to protect that interest

in   the   absence   of   intervention;   and   4)   inadequate

representation of that interest by parties already before the

court." *Jordan v. Michigan Conference of Teamsters Welfare*

*Fund*, 207 F.3d 854, 862 (6th Cir. 2000).

2

The plaintiffs do not contest that the motion to intervene was made in a timely matter, comporting with the above requirement. However, the plaintiffs present challenges to the other three elements required under this test. First, the plaintiffs allege that the Trustees do not have a substantial legal interest in the case. This argument is not persuasive as the Trustees represent people who may be adversely effected if all of the challenged beneficiary assignments go into the unassigned pool, a limited source of funding available to offset expenditures incurred for unassigned beneficiaries' health care costs. The case of *Apogee Coal Co. v. Holland*, No. 98-C-2858-S, slip op. at 10 (N.D. Ala. May 31, 2001), pointed to "uncontroverted evidence" that the funding for the unassigned pool "would be insufficient to cover the full health care premiums" for all unassigned beneficiaries "for the years 1993 through 1998." *Id.* Therefore, the Trustees have a substantial legal interest in ensuring that the beneficiaries maintain their current assignments.

In addition, as the outcome of this case could place more beneficiaries into the unassigned pool, the Trustees' exclusion from this case may impair their "ability to protect

3

that interest in the absence of intervention." *Jordan*, 207 F.3d at 862. The plaintiffs argue that the Trustees "actually realize a net financial benefit if the challenged assignments the SSA made to Plaintiffs are enjoined and allocated to the SSA's pool." Response at p. 7. However, each side is postulating about the potential ramifications of this litigation. Without an in-depth analysis of the administrative costs of transferring beneficiaries into the unassigned pool, the limits of the funding currently available to the unassigned pool, and the medical claims incurred by the beneficiaries, it is not possible to determine the "net" impact of this case. The Sixth Circuit has firmly expressed a "belief that close cases should be resolved in favor of recognizing an interest under Rule 24(a)," therefore, the Court will make a legal finding that the Trustees have sufficiently proved an interest under this element of the analysis. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997).

Finally, the plaintiffs argue that the Trustees have not shown that their interests are inadequately represented by the SSA. However, the proof required to shoulder this burden "is minimal because it is sufficient that the movant prove that

4

representation **may** be inadequate." *Miller*, 103 F.3d at 1247
(emphasis added). This burden is met by indicating that "the
existing party who purports to seek the same outcome will not
make all of the prospective intervenor's arguments." *Id.* The
Trustees argue that the defendant in this case will not fully
represent the Trustees' interests because the defendant,
"given limited responsibility under the Coal Act, does not
represent the interests of retired coal miners and their
dependents and does not share the Trustees' statutorily
prescribed responsibility of discharging their duties solely
in the interests of the Combined Fund's beneficiaries." Reply
at p. 7. The Court feels that this distinction is sufficient
to indicate that the Trustees' interests may not be adequately
represented by the current defendant.

While this Court finds that the Trustees have made the
appropriate showings to allow for an intervention of right
under Fed. R. Civ. P. 24(a)(2), the plaintiffs present
credible arguments against such an intervention. Therefore,
out of an abundance of caution, the court will address the
requirements for permissive joinder in this case. In order to
allow an intervention under Fed. R. Civ. P. 24(b)(2), the
movant must show that their "claim or defense and the main

5

action have a question of law or fact in common." *Id*. It is clear from the facts of this case that the defendants in this case and the movants assert many common legal and factual arguments.   In fact, the plaintiffs do not challenge a permissive intervention by alleging that the movant and the defendant have dissimilar interests, but instead they defer to the Court's authority to grant such an intervention.  As such, the Court recognizes the movants' interests under Fed. R. Civ. P. 24(b)(2), and warrants that a permissive intervention would also be appropriate in the case at bar.

Accordingly, **IT IS ORDERED**:

(1) That the motion by the Trustees of the UMWA Combined Benefit Fund to intervene in this action be, and the same hereby is, **GRANTED**;

(2) That the Trustees of the UMWA Combined Benefit Fund be, and the same hereby is, named and docketed as a **THIRD PARTY INTERVENING DEFENDANT**.

This the ___21st___ day of August, 2001.

JOSEPH M. HOOD, JUDGE

Date of Entry and Service:

AUG 22 2001                     6

AO 72A
(Rev.8/82)

**B**

FILED
2005 Sep-22 PM 12:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES STEEL CORPORATION, et al., | ] ] ] | |
| Plaintiff, | ] ] | CIVIL ACTION NO.: |
| v. | ] ] | CV-04-0065-VEH |
| JO ANNE BARNHART, Commissioner of Social Security, | ] ] ] | |
| Defendant. | ] | |

## ORDER GRANTING MOTION TO INTERVENE

This action is before the court on the Motion to Intervene as party defendants (doc. 53) filed by Michael Holland, et al., Trustees of the United Mine Workers of America Combined Benefit Fund ("Trustees"). The Trustees seek to intervene in this action as party defendants with respect to Counts II and III of the Second Amended Complaint. Plaintiffs United States Steel Corporation and U.S. Steel Mining Company, LLC have responded in objection to the Trustees intervention (doc. 58). The Trustees have replied (doc. 60). Therefore, this matter is ripe for review.

The Trustees move to intervene pursuant to Fed. R. Civ. P. 24, which allows for two types of intervention:

> (a) Intervention of Right.  Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the

applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) Permissive Intervention.  Upon timely application, anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim of defense and the main action have a question of law or fact in common. . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

## I. Intervention As A Matter of Right

According to <u>Georgia v. United States Army Corp. of Engineers</u>, 302 F.3d 1242, 1250 (11th Cir. 2002), a party is entitled to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2) if it establishes the following four criteria: (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest if intervention is denied, and (4) inadequate representation of that interest by parties already before the court. Plaintiffs do not question the timeliness of the application to intervene, but argue that the Trustees have not satisfied the remaining three criteria.

A. <u>Existence of a Protectable Legal Interest</u>

The Trustees argue that they have a legally protectable interest in the proper

2

interpretation of the Coal Act, the statute that created the Combined Fund and provides for its funding. (doc. 60 at 2-3). They argue that such interpretation will affect their ability to collect premiums and, thus, their ability to fulfill the obligation placed on them by ERISA. Plaintiffs, on the other hand, argue that the Trustees have no legally protectable interest because the Defendant is solely responsible for the assignment of beneficiaries. (doc. 58 at 5). While Plaintiffs acknowledge that the Trustees have the responsibility to collect premiums under the Coal Act, they assert that the Trustees have no responsibilities regarding the assignment of miners to companies.

In support of their argument, the Trustees note that several district courts have recognized that they have a legally protectable interest in the correct interpretation of the Coal Act. (doc. 54 at 10). See, Bellaire Corp. v. Apfel, C.A. No. 2:99-CV-532 (S.D. Ohio Apr. 7, 2000); and Sidney Coal Co. v. Massanari, C.A. No. 01-76 (E.D. Ky. Aug. 21, 2001). Defendants argue that these cases are not Eleventh Circuit cases and are not binding on this Court. While this is true, the rationale for allowing the Trustees to intervene as provided by Bellaire and Sidney is persuasive.

According to Chiles v. Thornburgh, 865 F.2d 1197 (11th Cir. 1989), Fed. R. Civ. P. 24 requires that a motion to intervene be supported by a " 'direct, substantial, legally protectable interest in the proceeding.' ⋯ In essence, the [Trustees] must be

at least ··· real parties in interest in the transaction which is the subject of the proceeding." (citations omitted). The Trustees' interest need not, however, "be of a legal nature identical to that of the claims asserted in the main action." Diaz v. Southern Drilling Corp., 27 F.2d 1118, 1124 (5th Cir. 1970).

_____The Trustees are ERISA-regulated fiduciaries of the Coal Act. (doc. 60 at 2-3). As such, the Trustees have an obligation to collect the proper amounts of premiums from coal operators as charged by the Act. Central States, Southeast & Southwest Areas Pension Fund, et al. v. Central Transport, Inc., et al., 472 U.S. 559, 572 (1985). "One of the fundamental common-law duties of a trustee is to preserve and maintain trust assets, and this encompasses "determining exactly what property forms the subject-matter of the trust [and] who are the beneficiaries." Id., at 572 (citing Bogert §582 at 346). Furthermore, as noted in Chiles, courts have recognized that the interest of those governed by statutory schemes are sufficient to support intervention in cases where the constitutionality, interpretation, or application of those schemes is challenged. 865 F.2d at 1213-1214 (citing 7C C. Wright, A. Miller & M. Kane, Federal Practice and Procedure §1908 at 285 (2d ed. 1986). Because the Trustees administer the Coal Act, they have a legally protectable interest in ensuring its correct interpretation.

4

B.  Effect of Judgment on Intervenor's Ability to Protect Its Interest

Federal Rule of Civil Procedure 24(a)(2) requires that "the applicant is so situated that the disposition of the action *may* as a practical matter impair or impede the applicant's ability to protect that interest." The Trustees present sufficient evidence of such a possibility. They argue that their ability to fulfill their fiduciary obligation under the Coal Act may be thwarted if judgment is found in favor of the Plaintiffs. (doc. 54 at 13; doc. 60 at 7).

In their Memorandum In Support of the Opposed Motion, the Trustees state, "By arguing that they have been wrongly assigned beneficiaries, Plaintiffs are, as a practical matter, challenging that portion of their premium obligations that are based upon those allegedly invalid assignments." (doc. 54 at 13). If this Court finds in favor of the Plaintiffs, the Trustees assert that they will be unable to collect those premiums that they deem proper from the Plaintiffs and, perhaps, from other signatory operators who bring similar challenges. (doc. 54 at 13). Furthermore, "If Plaintiffs [are] successful in their challenges to beneficiary assignments, it [will] be the Trustees, not SSA, to whom Plaintiffs would turn for any refund or credit of premiums previously paid to the Combined Fund." (doc. 54 at 13).

Plaintiffs argue that the Trustees' ability to collect premiums will not be impaired because the challenged miners will be reassigned to the orphan pool and

5

their premiums paid via that pool and/or by the signatory operators are a group. (doc. 58 at 9-10). They state, "Again, under the statutory scheme of the Coal Act, the Trustees have no interest in who pays what premium." (doc. 54 at 10). However, "the Trustees represent people who may be adversely affected if all the challenged beneficiary assignments go into the unassigned pool." Sidney, C.A. No. 01-76 at 3.

As the Trustees note in their Reply, a limited amount of funding for unassigned beneficiaries is provided by the Abandoned Mine Reclamation ("AML") Fund under the Coal Act, 26 U.S.C. §9705(b), 30 U.S.C. §1232(h). However, in Barnhart v. Peabody Coal Co., 537 U.S. 14 9 (2003), the Supreme Court noted that such reassignment should be a last resort. Congress intended for SSA to assign as many miners as possible to companies that actually employed them and for the number of unassigned beneficiaries assigned to the AML to be "kept to an absolute minimum." Peabody, 537 U.S. at 165.

The Trustees assert that assignment to the AML must be so limited because fund transfers available to the Combined Fund are limited. (doc. 60 at 9). In years when these limited resources did not cover all unassigned beneficiaries, the Combined Fund had to bill assigned operators an unassigned beneficiaries premium. (doc. 60 at 10). Although Plaintiffs assert that they are "unaware of any year in which this circumstance has occurred" (doc. 58 at 7), the Trustees present evidence that

6

Plaintiffs have in fact paid such premiums themselves. According to the Declaration of Dale R. Stover attached to the Trustees' Reply, Plaintiffs have paid $1,098,807.18 to the Combined Fund for unassigned beneficiary premiums. (doc. 60, Exhibit A at 2). The possibility of such adverse effects clearly demonstrates that the Trustees' obligation to collect premiums from properly assigned operators may be thwarted if they are not allowed to intervene.

C. Adequate Representation of Interests by Parties Already Before the Court

The Eleventh Circuit presumes adequate representation when the intervener and an existing party seek an identical objective. Clark v. Putnam County, 168 F.3d 458, 461 (11th Cir. 1999). However, this presumption is weak and only requires that the intervener present some evidence to the contrary. Id. at 461. "The proposed intervener has the burden of showing that the existing parties cannot represent its interest, but this burden is 'treated as minimal." Georgia, 302 F.3d at 1255 (citation omitted).

Plaintiffs argue that the Trustees' interests are identical to those of the Defendant and are thus adequately represented by the Defendant. (doc. 58 at 12). They assert that both the Trustees and the Commissioner seek to protect the assignment of miners to operators, to ensure the correct interpretation of the Coal Act, and to preserve the broadest possible fund base. However, Plaintiffs discount the fact

7

that the Defendant and the Trustees do have different statutorily-defined roles under the Coal Act. While the SSA has the responsibility of assigning miners to coal operators for the purposes of providing health coverage for the nation's coal industry retirees, the Trustees have the fiduciary obligation to collect premiums from the coal operators, thus actually providing the health coverage. The Trustees' duties under the Coal Act go one step further than the Defendant's.

The Trustees note that a number of federal courts have recognized that SSA does not adequately represent their interests. See e.g., Sidney, Bellaire, and Holland v. Apfel, 23 F. Supp. 2d 21, 26 (D.D.C. 1998)(recognizing that SSA and the Trustees have different interests and incentives due to the Trustees' unique role as fiduciaries), aff'd in part by Holland v. National Mining Ass'n, 309 F.3d 808 (C.A.D.C. 2002). By presenting evidence of their unique role as fiduciaries, the Trustees have met the minimal burden of proving that their interests may not be adequately represented. Because the Trustees have satisfied all four criteria, they should be allowed to intervene as a matter of right.

## II. Permissive Intervention

In the alternative, the Trustees argue that the Court should allow them to intervene on a permissive basis. According to Fed. R. Civ. P. 24(b)(2), permissive intervention is proper "when an applicant's claim or defense and the main action have

8

a question of law or fact in common. . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." On the other hand, denial of permissive intervention is proper when the party seeking intervention has established no additional benefit by being allowed to intervene. Mitchell v. McCorstin, 728 F.2d 1422 (11th Cir. 1984).

According to the Trustees' Reply, "[their] defenses to Counts II and III of the Complaint significantly overlap the defenses presented in SSA's Motion to Dismiss, and thus there are questions of law and fact in common within the meaning of Rule 24(b)(2)." (doc. 54 at 18). Furthermore, despite Plaintiffs' claim that the Trustees have established no additional benefit by being allowed to intervene, the Trustees assert that they would provide this Court with a source of information about the UMWA Health and Retirement Funds, Coal Act, beneficiary population, and other relevant issues. (doc. 60 at 13). The Trustees also assert that allowing them to permissively intervene may avoid duplicative litigation in this Court when Plaintiffs attempt to obtain a refund from the Trustees. (doc. 60 at 13). They have thus established an additional benefit for allowing intervention.

Finally, Plaintiffs argue that allowing intervention would needlessly increase the cost of litigation, impose substantially greater burdens on the Court and the parties,

9

and result in delay. According to Plaintiffs, they do not receive interest on overpaid, improper assignments and are financially harmed by any delay in litigation. (doc. 58 at 15). "Moreover, additional costs and expenses would be incurred by the Trustees if they are allowed to intervene, thereby depleting the funds which are to be used for the purpose of paying benefits." However, Rule 24(b)(2) only requires that the Court *consider* whether intervention will impose undue delay or prejudice the adjudication of the rights of the *original parties*. The delay caused by the Trustees' motion to intervene is not undue and Plaintiffs have presented no evidence suggesting that intervention will prejudice the adjudication of the rights of either the Plaintiffs or the Defendant. For these reasons, permissive intervention would be proper.

### III. Conclusion

For the foregoing reasons, this Court **GRANTS** the Trustees' Motion to Intervene as a matter of right, and, in the alternative, on a permissive basis.

The parties are reminded of their obligations under this Court's Order dated August 17, 2005. (doc. 56)

**DONE** and **ORDERED** this 22nd day of September, 2005.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

10

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of March, 2006, the attached **MEMORANDUM IN SUPPORT OF THE UNOPPOSED MOTION OF THE TRUSTEES OF THE UMWA COMBINED BENEFIT FUND TO INTERVENE** was served upon the below-named counsel at the address and in the manner indicated:

Patricia C. Hannigan, Esquire                           <u>VIA HAND DELIVERY</u>
U.S. Attorney's Office
1007 Orange Street, Suite 700
Wilmington, DE 19899


Thomas R. Hunt, Jr., Esquire                            <u>VIA HAND DELIVERY</u>
Jason A. Cincilla, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899



                                        */s/ Carolyn S. Hake*
                                        _____
                                        Carolyn S. Hake

167487.1